# United States District Court
# Central District of California

| | |
|---|---|
| DARRELL ASBERRY, MICHAEL F. CORDES, SHIRLEY PIATT, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>    v.<br><br>THE MONEY STORE, TMS MORTGAGE, INC., HOMEQ SERVICING CORP., WELLS FARGO BANK, N.A.,<br><br>                Defendants. | Case № 2:18-CV-01291-ODW (PLAx)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND FOR LEAVE TO ADD A NEW CAUSE OF ACTION [45]** |

## I. INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion for Reconsideration of the Court's August 8, 2018, Order ("Order") and for Leave to Add a New Cause of Action ("Motion"). (Mot., ECF No. 45.) After reviewing the materials submitted by the parties in connection with the Motion and considering the arguments therein, the Court **DENIES** Plaintiffs' Motion. (ECF No. 45.)[1]

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. BACKGROUND

The Court addressed the relevant history and factual allegations in its August 8, 2018, Order Granting, In Part, Defendants' Motion To Dismiss, and incorporates that discussion here by reference. (Order, ECF No. 41.) Darrel Asberry, Michael F. Cordes, and Shirley Piatt ("Plaintiffs") bring this putative class action on behalf of themselves and two subclasses seeking damages for Defendants' allegedly fraudulent lending practices. (*See generally* First Am. Compl. ("FAC"), ECF No. 13.) Plaintiffs' action here follows a jury trial and subsequent appeal in the Second Circuit involving the same defendants and similarly situated plaintiffs. (Order 3–6 (discussing the history of the first action, *Mazzei v. The Money Store* ("*Mazzei* Action"), No. 01-cv-5684(JGK) (S.D.N.Y. filed June 22, 2001).) On May 10, 2018, The Money Store, TMS Mortgage, Inc., Homeq Servicing Corp., and Wells Fargo Bank, N.A. ("Defendants") moved to dismiss Plaintiffs' FAC. (Mot. to Dismiss, ECF No. 23.)

On August 8, 2018, the Court granted, in part, Defendants' motion. (*See* Order.) The Court found Plaintiffs' Fee Split Class II[2] claims barred by res judicata and Late Fee Class II claims[3] barred by the applicable statutes of limitation, absent some form of tolling. (*Id.* at 12, 14.) The Court found tolling unavailable under *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974), but possibly available for California residents under California's equitable tolling laws. (Order 14–17.) Accordingly, the Court dismissed the Late Fee Class II's claims of non-California residents and the individual claims of Shirley Piatt, a non-California resident, without leave to amend. (*Id.* at 18–19.) The Court granted leave to amend to Asberry, Cordes, and the California members of the Late Fee Class II, to the extent they could "allege

---

[2] Plaintiffs sought to certify two classes: The Fee Split Class II and the Late Fee Class II, as defined in Plaintiffs' FAC. (*See* FAC ¶ 19; Order 7–8.)
[3] Plaintiffs' Late Fee Class II claims include breach of contract, breach of the covenant of good faith and fair dealing, unfair competition, fraud, and "restitution to avoid unjust enrichment," which the Court construed as a claim in quasi-contract seeking restitution. (Order 1, 13; *see generally* FAC.)

additional facts that would bring their claims within the reach of California's equitable tolling laws." (*Id.* at 18.)

Plaintiffs now seek reconsideration of the Court's dismissal, without leave to amend, of the Fee Split Class II, the Late Fee Class II as to class members who reside outside California, Shirley Piatt's individual claims, and Plaintiffs' California Unfair Competition Law ("UCL") claims. (*See* Mot.) In addition, Plaintiffs seek leave to add a new cause of action for spoliation under California law. (*Id.* at 1, 11.)

### III. MOTION FOR RECONSIDERATION

Plaintiffs argue that the Court's dismissal of certain claims, without leave to amend, is clear error and contrary to controlling authority. (*Id.* at 1.) Defendants respond that the Court committed no error, and that Plaintiffs' Motion is procedurally improper and merely rehashes arguments previously made, or which could have been made, in Plaintiffs' opposition to Defendants' motion to dismiss. (*See* Opp'n, ECF No. 48.)

**A. Legal Standard**

"Motions for reconsideration are disfavored and rarely granted." *Collins v. Fua*, No. CV 17-00606-VAP(PLAx), 2017 WL 8161087, at *1 (C.D. Cal. July 11, 2017). "When a party seeks reconsideration of an interlocutory order rather than a final judgment," Local Rule 7-18 governs. *McKinsty v. Swift Transp. Co., of Ariz.*, No. ED 15-cv-01317-VAP-SP, 2017 WL 8943524, at *2 (C.D. Cal. Sept. 18, 2017) (quoting *United States v. Curiel*, No. 2:05-cr-00889-RSWL, 2015 WL 143897, at *1 (C.D. Cal. Jan. 12, 2015)); *see also Union Pac. R.R. Co. v. Coast Packing Co.*, 236 F. Supp. 2d 1130, 1137 (C.D. Cal. 2002) ("Because we did not enter a judgment against Union Pacific, we construe its motion as one for reconsideration pursuant to Local Rule 7–18."); *In re Benham*, No. CV13-00205-VBF, 2013 WL 3872185, at *2 (C.D. Cal. May 29, 2013).

Local Rule 7-18 prohibits a movant from "repeat[ing] any oral or written argument made in support of or in opposition to the original motion." C.D. Cal. L.R.

7-18. Further, a party may move for reconsideration only where the party demonstrates:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or
> (b) the emergence of new material facts or a change of law occurring after the time of such decision, or
> (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

*Id.* "Whether to grant a motion for reconsideration under Local Rule 7-18 is a matter within the court's discretion." *Daghlian v. DeVry Univ., Inc.*, 582 F. Supp. 2d 1231, 1251 (C.D. Cal. 2007). A district court does not abuse its discretion by disregarding arguments made for the first time in a motion for reconsideration. *Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995). "A mere attempt by the moving party to reargue its position by directing [the] Court to additional case law and arguments which it clearly could have made earlier, but did not is not the purpose of motions for reconsideration under Local Rule 7-18." *McKinsty*, 2017 WL 8943524, at *2 (quoting *Duarte v. J.P. Morgan Chase Bank*, No. cv 13-1105-GHK (MANx), 2014 WL 12567787, at *1 (C.D. Cal. May 19, 2014)) (original alterations omitted); *Novato Fire Prot. Dist. v. United States*, 181 F.3d 1135, 1142 n.6 (9th Cir. 1999).

**B.   Discussion**

Plaintiffs move for reconsideration under Federal Rule of Civil Procedure 59(e) and Local Rule 7-18. (Notice of Mot. 1, ECF No. 45.)

Rule 59(e) provides "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Rule 59(e) clearly contemplates entry of judgment as a predicate to any motion." *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 466, 467 (9th Cir. 1989) ("the requirement of a judgment as a prerequisite to moving for reconsideration under Rule 59(e) protects against the specter of piecemeal review") (internal quotation marks omitted).

Plaintiffs seek reconsideration of the Court's Order on Defendants' motion to dismiss, which is an interlocutory order, not a judgment. *See id.* at 467 (finding that an order that does not "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment" does not fall within the meaning of Rule 59(e).) Because Plaintiffs seek reconsideration of an interlocutory order rather than a judgment, Rule 59(e) is not an appropriate basis for Plaintiffs' Motion. *See McKinsty*, 2017 WL 8943524, at *2; *Ellis v. Penn. Higher Educ. Assistance Agency*, No. CV 07-04498 DDP (CTx), 2008 WL 4351746, at *2 (C.D. Cal. Sept. 23, 2008). Accordingly, the Court considers Plaintiffs' Motion against the standard imposed by Local Rule 7-18.

Plaintiffs fail to address Local Rule 7-18's requirements. Plaintiffs do not provide a "material difference in fact or law" from that initially presented to the Court or claim the emergence of new material facts. Nor do Plaintiffs establish a manifest failure of the Court to consider material facts presented to it before issuing its Order. *See* C.D. Cal. L.R. 7-18. Instead, Plaintiffs argue only that the Court erred, improperly rehashing arguments asserted in their prior opposition or raising new arguments or authority that could have been raised previously. "[A] motion for reconsideration cannot be used to ask the Court to rethink what the Court has already thought through merely because a party disagrees with the Court's decision." *In re Benham*, 2013 WL 3872185, at *9; *Pegasus Satellite Television, Inc. v. DirecTV, Inc.*, 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004) ("Under L.R. 7-18, a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent.").

Plaintiffs do precisely what Local Rule 7-18 prohibits. Disagreement with the rulings of this Court is not a proper ground for reconsideration. Accordingly, Plaintiffs' Motion for Reconsideration is **DENIED**.

## IV. MOTION FOR LEAVE TO ADD NEW CAUSE OF ACTION FOR SPOLIATION UNDER CALIFORNIA LAW

Plaintiffs also "seek leave to amend to add a cause of action for damages caused by Defendants' spoliation under California law." (Mot. 10–11.) Defendants oppose, noting Plaintiffs' failure to comply with local rules and arguing that any amendment would be futile and would severely prejudice Defendants. (Opp'n 15–19.)

### A. Legal Standard

Although leave to amend should be freely given when justice so requires, leave may be denied on the basis of bad faith, undue delay, prejudice to the opposing party, or if amendment would be futile. Fed. R. Civ. P. 15(a); *Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011); *Union Pac. R.R. Co.*, 236 F. Supp. 2d at 1139. Local Rule 15-1 requires that "[a]ny proposed amended pleading must be filed as an attachment to the related motion or stipulation." C.D. Cal. L.R. 15-1.

### B. Discussion

To begin, Plaintiffs failed to attach or submit a proposed amended complaint as required. Instead, Plaintiffs assert they "are prepared to file an Amended Complaint within two days of the grant of leave to amend." (Mot. 11.) This is insufficient under Local Rule 15-1 and undermines Defendants' ability to respond effectively to Plaintiffs' Motion. *See Baker v. Firstcom Music*, No. 2:16-cv-08931-VAP (JPRx), 2017 WL 9500980, at *4 (C.D. Cal. Nov. 3, 2017); *Solo v. Dawson*, No. cv 09-05623-MMM (RCx), 2010 WL 11509232, at *5 (C.D. Cal. May 6, 2010) ("[P]laintiffs' failure to comply with Local Rule 15-1 constitutes an[] independent reason to deny their motion.") Accordingly, Plaintiffs' Motion for Leave to Amend to Add a New Cause of Action is denied.

Even if Plaintiffs' disregard for the local rules did not preclude the relief they seek, amendment would be futile. Plaintiffs seek to add a cause of action for spoliation under California law. (Mot. 10–11.) However, such an amendment would

be futile as California provides no cause of action for spoliation. *See Cedars–Sinai Med. Ctr. v. Superior Court*, 18 Cal. 4th 1, 17 (1998) (no tort remedy for the intentional spoliation of evidence by a party to the cause of action); *Temple Cmty. Hosp. v. Superior Court*, 20 Cal. 4th 464, 466 (1999) (no tort cause of action for intentional spoliation against person who is not a party to lawsuit); *Coprich v. Superior Court*, 80 Cal. App. 4th 1081, 1083 (2000) (no tort remedy for negligent spoliation). While these cases do not foreclose the potential of a duty to preserve evidence based on a theory of contract or promissory estoppel, *see Coprich*, 80 Cal. App. 4th at 1092, Plaintiffs' Motion states only that a cause of action exists "where parties have represented that they were preserving evidence, and then failed to do so." (Mot. 11.) Absent a proposed amended complaint, the Court is left to speculate as to how Plaintiffs' proposed additional cause of action is other than a claim of spoliation, barred by California law, or an attempt to relitigate discovery disputes previously resolved by the *Mazzei* action. (*See* Order 3–6.) The Court declines to engage in such speculation and Plaintiffs' general reference to unidentified "represent[ations]" is insufficient to raise a plausible claim. *See e.g.*, *Luis v. Metro. Life Ins. Co.*, 142 F. Supp. 3d 873, 882 (N.D. Cal. 2015) ("Plaintiff[s'] general reference to unidentified 'misrepresentations' from MetLife is not enough to raise the possibility of a plausible estoppel claim.")

"Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Plaintiffs' motion for leave to amend is denied for this reason as well.

Accordingly, Plaintiffs' Motion for Leave to Amend to Add a New Cause of Action is **DENIED**.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiffs' Motion for Reconsideration and for Leave to Add a New Cause of Action. (ECF No. 45.)

**IT IS SO ORDERED.**

December 27, 2018

                              **OTIS D. WRIGHT, II**
                          **UNITED STATES DISTRICT JUDGE**