# United States District Court
# Central District of California

| | |
|---|---|
| DARRELL ASBERRY, MICHAEL F. CORDES, SHIRLEY PIATT, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THE MONEY STORE, TMS MORTGAGE, INC., HOMEQ SERVICING CORP., WELLS FARGO BANK, N.A.,<br><br>　　　　　Defendants. | Case № 2:18-CV-01291-ODW (PLAx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT [50]** |

## I. INTRODUCTION

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint ("Motion"). (Mot., ECF No. 50.) After reviewing the materials submitted by the parties in connection with the Motion, the Court **GRANTS** Defendants' Motion. (ECF No. 50.)[1]

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. BACKGROUND

This action follows a jury trial, a subsequent Second Circuit appeal, and an unsuccessful Petition for Certiorari to the United States Supreme Court, involving the same subclasses, the same defendants, and similarly situated plaintiffs. (Order Granting, In Part, Defs.' Mot. to Dismiss ("Order") 3–6, ECF No. 41. (discussing the history of the first action, *Mazzei v. The Money Store* ("*Mazzei* Action"), No. 01-cv-5684 (JGK) (S.D.N.Y. filed June 22, 2001).)

The Court addressed the extensive history and factual allegations in its August 8, 2018, Order, and incorporates that discussion here by reference. (Order 3–8.) Darrel Asberry, Michael F. Cordes, and Shirley Piatt brought this putative class action on behalf of themselves and two subclasses seeking damages for allegedly fraudulent lending practices by The Money Store, TMS Mortgage, Inc., HomEq Servicing Corp., and Wells Fargo Bank, N.A. ("Defendants"). (*See generally* First Am. Compl. ("FAC"), ECF No. 13.)

On August 8, 2018, the Court granted, in part, Defendants' motion to dismiss Plaintiffs' FAC. (*See* Order 2, 18.) The Court found the Fee-Split Class II[2] claims barred by res judicata and Late Fee Class II claims barred by the applicable statute of limitation, absent some form of tolling. (Order 12, 14.) The Court found tolling unavailable under *American Pipe & Construction Co. v. Utah* ("*American Pipe*"), 414 U.S. 538 (1974), but possibly available for California residents under California's equitable tolling laws. (Order 14–17.) Accordingly, the Court dismissed the Fee-Split Class II claims, the Late Fee Class II claims of non-California residents, and the individual claims of Shirley Piatt, a non-California resident, without leave to amend. (Order 18–19.) The Court granted limited leave to amend to Asberry, Cordes, and the California members of the Late Fee Class II, only to the extent they could "allege additional facts that would bring their claims within the reach of California's equitable

---

[2] Plaintiffs sought to certify two classes: The Fee-Split Class II and the Late Fee Class II, as defined in Plaintiffs' FAC. (*See* FAC ¶ 19; Order 7–8.)

2

tolling laws." (Order 18.) The Court subsequently denied Asberry, Cordes, and Piatt's motion for reconsideration. (Order Denying Recons. & Leave to Add New Cause of Action, ECF No. 54.)

Asberry and Cordes ("Plaintiffs") filed a Second Amended Class Action Complaint asserting four causes of action[3] and alleging that their claims should be tolled pursuant to *American Pipe* and California's equitable tolling doctrine. (*See* Second Am. Class Action Compl. ("SAC") ¶¶ 130, 136, 146, 152, ECF No. 42.) In addition to equitable tolling, Plaintiffs allege new theories to bar the application of the statute of limitations to their Late Fee Class II claims, including fraudulent concealment, equitable estoppel, and the discovery rule. (*See* SAC ¶¶ 131, 133, 147, 149; Opp'n to Mot. ("Opp'n") 14–20, ECF No. 52.) Plaintiffs also allege new claims of other improper fees charged by Defendants. (*See* Opp'n 9, 18.)

### III. LEGAL STANDARD

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "To survive a motion to dismiss . . . under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)"—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); *see also* Fed. R. Civ. P. 8(a)(2). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A pleading that offers 'labels and conclusions' or

---

[3] Plaintiffs' Late Fee Class II claims include breach of contract, breach of the covenant of good faith and fair dealing, "restitution to avoid unjust enrichment," which the Court construed as a claim in quasi-contract seeking restitution, and fraud. (*See generally* SAC; Order 1, 13.)

3

'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

Whether a complaint satisfies the plausibility standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Accusations of fraud require a heightened particularity in pleading. *See* Fed. R. Civ. P. 9(b). The "circumstances" required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity. *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks omitted). In addition, the allegation must set forth "what is false or misleading about [a] statement, and why it is false." *Id.* (internal quotation marks omitted). This heightened pleading standard ensures that "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

### IV. DISCUSSION

Defendants move to dismiss Plaintiffs' SAC, arguing that Plaintiffs' claims are time-barred because no tolling theory applies, Plaintiffs improperly amended the SAC to include claims and theories beyond the scope of the limited amendment, and Plaintiffs failed to adequately plead each cause of action asserted, as required by Rules 12(b)(6) and 9(b). (*See generally* Mot.)

A.  **Tolling**

As discussed in the Court's previous Order, Plaintiffs' Late Fee Class II claims are governed by, at most, a four-year statute of limitations (breach of contract) and, at least, a two-year statute of limitations (unjust enrichment construed as quasi-contract). (Order 13–14.) Plaintiffs Cordes and Asberry allege they were charged improper late fees in 2005 and 2006. (SAC ¶¶ 120, 125, 144.) Thus, the statute of limitations on their claims expired as early as 2007 or as late as 2010. As Plaintiffs filed their initial complaint in this action on February 16, 2018, their Late Fee Class II claims are barred by the statute of limitations absent some form of tolling. (*See* Compl., ECF No. 1.)

In opposition to Defendants' prior motion to dismiss, Plaintiffs argued that their claims should be tolled pursuant to *American Pipe* or California's equitable tolling doctrine. (Order 14.) The Court found that *American Pipe* tolling did not apply. (Order 17.) The Court further found that Plaintiffs had failed to plead sufficient factual allegations supporting California's equitable tolling doctrine and granted Plaintiffs leave to amend to "allege additional facts that would bring their claims within the reach of California's equitable tolling laws." (Order 17, 18.)

*1.  American Pipe Tolling & Fierro v. Landry's Restaurant, Inc.*

After all briefing on Defendants' Motion was completed, the California Court of Appeals issued its opinion in *Fierro v. Landry's Restaurant, Inc.*, 32 Cal. App. 5th 276 (2019).[4] In *Fierro*, an employee brought a time-barred putative class action against his employer, alleging that a prior class action tolled the statute of limitations as to his class and individual claims. *Id.* at 284. The California Court of Appeals discussed the United States Supreme Court decision *China Agritech v. Resh*, 138 S. Ct. 1800 (2018), which held that *American Pipe* tolling does not allow a time-barred successive class action. *Id.* at 291–93. The California Court of Appeals expressly

---

[4] Defendants notified the Court of the *Fierro* decision and Plaintiffs responded. (Defs.' Notice of Suppl. Authority, ECF No. 58; Pls.' Resp., ECF No. 59.)

adopted the reasoning and policy of *Resh* and concluded that, "[a]s in federal court, in California, '*American Pipe* does not permit the maintenance of a follow-on class action past expiration of the statute of limitations.'" *Id.* at 297 (quoting *Resh*, 138 S. Ct. at 1804).[5]

The court in *Fierro* appears to adopt *American Pipe* tolling as the exclusive tolling principle for class action tolling under California law. *See id.* at 294 ("Nothing under California law suggests such an exception to the application of a statute of limitations for a class claim . . . . [T]here is no basis under California law for potentially unlimited tolling of statutes of limitations applicable to class action claims."). Accordingly, per *Fierro*, California's equitable tolling doctrine is not available to Plaintiffs' claims. However, in an abundance of caution, the Court considers whether Plaintiffs' amended allegations sufficiently support equitable tolling.

### 2. *California's Equitable Tolling Doctrine*

The Court granted Plaintiffs limited leave to amend to the extent they could allege facts supporting California's equitable tolling doctrine. (Order 14–18.) Specifically, the Court directed that "Plaintiffs must allege facts addressing the lack of prejudice to Defendants, and Plaintiffs' goodwill and reasonableness in pursuing this action." (Order 18.) Even were California's equitable tolling doctrine available to toll Plaintiffs' time-barred class or individual claims post-*Fierro*, Plaintiffs have failed to set forth specific factual allegations sufficient to meet their burden.

---

[5] *American Pipe* tolling prohibits successive *class* claims, but preserves *individual* claims. *Fierro*, 32 Cal. App. 5th at 290–91, 293 ("*American Pipe* tolling does not apply to any later *class* claims," and "only the applicable statutes of limitations for the unnamed class members to assert their *individual claims* are tolled."). However, *American Pipe* does not apply cross-jurisdictionally. *See Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1025 (9th Cir. 2008) (declining to import cross-jurisdictional tolling into California law); *see also Hatfield v. Halifax, PLC*, 564 F.3d 1177, 1188 (9th Cir. 2009) (applying *Clemens* as rejecting *American Pipe* tolling in a cross-jurisdictional action). The court in *Fierro* considered two California class actions; as such, nothing in *Fierro* endorsed cross-jurisdictional tolling. Accordingly, Plaintiffs' individual claims are also not saved by *American Pipe*.

Equitable tolling is a judicially created doctrine in California that seeks to preserve a plaintiff's claims and extend the statute of limitations where the plaintiff pursues one out of several possible legal theories. *See J.M. v. Huntington Beach Union High Sch. Dist.*, 2 Cal. 5th 648, 657 (2017). Plaintiffs seeking the benefit of the equitable tolling doctrine must show: (1) timely notice to the defendant during the statutory period; (2) lack of prejudice to the defendant in gathering and preserving evidence; and (3) the plaintiff's reasonableness and good faith in pursuing the claim in a different forum. *See Hopkins v. Kedzierski*, 225 Cal. App. 4th 736, 747 (2014) (quoting *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 102 (2008)). Courts must balance the injustice to the plaintiff of barring her claim against the "effect upon the important public interest or policy expressed by the . . . limitations statute." *Hatfield*, 564 F.3d 1177, 1186 (quoting *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 371 (2003)).

Regarding Cordes's Late Fee claims, Plaintiffs allege:

> Mr. Cordes['s] claims regarding the assessment of post-acceleration late fees are subject to equitable tolling under California law. Cordes proceeded reasonably and in good faith in relying on the late fee class certified in Mazzei to protect his interests. Moreover, Defendants cannot show the type of "unfair prejudice" necessary to preclude equitable tolling, as the same claims were raised in Mazzei, allowing the Defendants to investigate the claims and preserve the relevant evidence.

(SAC ¶ 130.) Regarding Asberry's Late Fee claims, Plaintiffs allege:

> Mr. Asberry's claims regarding the assessment of post-acceleration late fees are subject to equitable tolling under California law. Asberry proceeded reasonably and in good faith in relying on the late fee class certified in Mazzei to protect his interests. Moreover, Defendants cannot show the type of "unfair prejudice" necessary to preclude equitable tolling, as the same claims were raised in Mazzei, allowing the Defendants to investigate the claims and preserve the relevant evidence.

(SAC ¶ 146.) This is the extent of Plaintiffs' amended allegations supporting the lack of prejudice to Defendants or good faith and reasonableness on the part of Plaintiffs

concerning their Late Fee Class II claims. Plaintiffs point to no other allegations supporting equitable tolling. (*See* Opp'n 12–13.) Even accepting the allegations as true, they provide nothing more than a conclusory, boilerplate reiteration of the elements and fail to adequately support the application of equitable tolling.

Further, Plaintiffs contend that Defendants are not prejudiced by having to relitigate here because Plaintiffs' claims are based on the same facts as the *Mazzei* action. (Opp'n 12–13.) This is true to an extent that Defendants had notice of the late fee claims and the opportunity to gather evidence. However, Plaintiffs ignore that they bring additional claims not previously litigated or that the facts and issues that *were* previously litigated were decided and affirmed against Plaintiffs. Requiring Defendants to relitigate a decade-long class action previously resolved and affirmed on appeal would be prejudicial to Defendants. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (discussing that prejudice normally consists of lost evidence or memories, but may also consist of the costs and burdens of litigation).

Plaintiffs also argue they have acted reasonably and in good faith in bringing their claims, warranting application of equitable tolling. (Opp'n 13.) But Plaintiffs paid off their accounts in 2005 and 2006, yet fail to allege that they *ever* inquired about the fees charged, even after receiving the *Mazzei* Action class notice in 2013. (SAC ¶¶ 120, 125, 133, 144, 149.) To compare, in the *Mazzei* Action, Mr. Mazzei paid off his loan in October 2000 and inquired about the fees in January 2001. (SAC ¶¶ 26–27.)

Further, Plaintiffs allege that it was not until the *Mazzei* Action had been pursued for fifteen years, *after* the jury trial, *after* decertification, and *after* the Second Circuit's affirmance, that counsel "began the task of determining whether a Late Fee or Split Fee subclass could be certified." (SAC ¶ 93.) Plaintiffs' counsel, also counsel in the *Mazzei* Action, rehired the same expert retained during the *Mazzei* Action to reanalyze the same databases and documents analyzed during the *Mazzei*

Action. (SAC ¶¶ 93–95.)  Thus, despite using the same experts to reanalyze the same databases and documents, Plaintiffs now claim they were unable to conduct this investigation until after the *Mazzei* Action concluded.  These allegations do not support the position that Plaintiffs acted reasonably or in good faith in bringing the present action.

Finally, the Late-Fee Class in *Mazzei* was decertified, in part, for failure to establish class-wide privity, which made a class action an inappropriate vehicle to resolve the plaintiffs' claims.  *Mazzei v. The Money Store*, 308 F.R.D. 92 (S.D.N.Y. 2015), *aff'd*, 829 F.3d 260 (2d Cir. 2016).  Here, Plaintiffs' SAC again expresses their dissatisfaction and disdain for the Southern District of New York court's rulings in *Mazzei*, emphasizing that this action is yet another attempt to relitigate the unfavorable rulings and outcome.  (*See* SAC ¶¶ 23–92.)  This is precisely the kind of purpose for which tolling should not be used.  *Hatfield*, 564 F.3d at 1189 n.8; *Moore v. Wachovia Sec., LLC*, No. CV 09-9071, 2010 WL 1437923, at *4 (C.D. Cal. Mar. 15, 2010) (citing *Catholic Social Servs., Inc. v. I.N.S.*, 232 F.3d 1139 (9th Cir. 2000)) ("[T]he filing of an earlier class action does not toll the statute of limitations when the second action is no more than an attempt to relitigate the correctness of the earlier class certification decision.").

Plaintiffs have failed to assert factual allegations sufficient to meet their burden to establish that application of California's equitable tolling doctrine is appropriate.  Accordingly, the Court finds that equitable tolling is not available to the class or individual claims.  Plaintiffs' claims are time-barred.  The Court **GRANTS** Defendants' Motion to Dismiss Plaintiffs' SAC.

### B. Plaintiffs' Additional Arguments

Plaintiffs raise the equitable theories of fraudulent concealment, equitable estoppel, and the discovery rule as means to bar application of the statute of limitations to their Late Fee Class II claims.  (Opp'n 14–20.)

"[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009, 1016–17 (9th Cir. 1999) (quoting *Acri v. Int'l Assoc. of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986)). The Court granted limited leave to amend, specifically only as to allegations supporting the elements of California's equitable tolling doctrine. Accordingly, Plaintiffs' late-raised theories exceed the scope of permitted amendment.

This matter has been pending for over a year, and Plaintiffs have filed two previous complaints and opposed Defendants' motion to dismiss their FAC, all before raising these theories as a means to preserve their Late Fee Class II claims. Plaintiffs were aware of these theories when filing their FAC because Plaintiffs assert no newly discovered facts in raising them now. Further, Plaintiffs raised these theories to oppose Defendants' motion to dismiss the FAC, but only specifically to defend the Split-Fee Class II claims, which the Court found were barred by res judicata. (Order 9–12.) Thus, the Court can only conclude that Plaintiffs made a strategic choice not to raise these theories to preserve the Late Fee Class II claims at an earlier time. *See Lizza v. Deutsche Bank Nat'l Tr. Co.*, 714 F. App'x 620, 623 (9th Cir. 2017) (finding that the district court did not abuse its discretion in striking Second Amended Complaint for exceeding the scope of amendment permitted); *Acri*, 781 F.2d at 1398–99 (finding that the district court did not abuse its discretion in denying leave to amend where the plaintiffs' attorney made "a tactical choice" not to raise a theory of liability earlier).

Finally, even were Plaintiffs' late-raised theories permitted, Plaintiffs fail to set forth sufficient allegations to support the application of these theories. Plaintiffs fail to allege that any of the alleged misrepresentations dissuaded or otherwise prevented Plaintiffs from bringing this action. *See Bernson v. Browning–Ferris Indus. of Cal., Inc.*, 7 Cal. 4th 926, 931 n.3 (1994) ("The rule of fraudulent concealment is applicable

whenever the defendant intentionally prevents the plaintiff from instituting suit . . . ."). Similarly, Plaintiffs fail to allege their own due diligence, that the inquiries supporting their claims were not available to them upon pay-off in 2005 and 2006, or that they investigated the claims. *See Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1109, 1111 (1988) ("A plaintiff is 'held to her actual knowledge as well as knowledge that could reasonably be discovered through investigation of sources open to her.'")

For these reasons, fraudulent concealment, equitable estoppel, and the discovery rule do not save Plaintiffs' time-barred claims.

## C. Leave to Amend

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiffs have previously amended their Complaint in this action twice, most recently with specific direction from the Court as to its insufficiencies. The facts and issues arise from the *Mazzei* litigation, a case spanning more than fifteen years, and from facts known to Plaintiffs Cordes and Asberry since 2005 and 2006. The facts and theories of liability in this matter have been developed and honed over a significant amount of time. The Court previously informed Plaintiffs' of the existing pleading deficiencies, yet Plaintiffs have failed again to assert factual allegations sufficient to support the application of California's equitable tolling doctrine. Thus, the Court finds that "allegation of other facts consistent with the [SAC] could not possibly cure the deficiency." Nor do Plaintiffs request leave to amend. According, leave to amend is **DENIED**.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint **WITH PREJUDICE**. (ECF No. 50.) The parties shall confer and submit a proposed judgment for the Court's review within 7 days of this Order.

**IT IS SO ORDERED.**

May 28, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**